# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WADE ROBINSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>COUNTY OF SAN BERNARDINO, et al.,<br><br>　　　　　Respondents. | CASE NO. EDCV 19-0007 DMG (SS)<br><br>**ORDER DISMISSING HABEAS ACTION WITHOUT PREJUDICE** |

On January 2, 2019, Thomas Wade Robinson ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. Section 2254 empowers the court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the laws of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The court need neither grant the writ nor order a return if "it appears from the application that the applicant or person

detained is not entitled thereto." 28 U.S.C. § 2243; see also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. It is evident from the face of the Petition that Petitioner is not challenging the legality of his conviction or otherwise claiming to be in custody in violation of the laws of the Constitution or laws or treaties of the United. (See Petition at 1-8). Accordingly, this Court concludes that the jurisdictional requisite for a § 2254 habeas petition has not been met.

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 action." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam) (citation omitted); see Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (habeas is the proper vehicle where the prisoner "seeks either immediate release from prison, or the shortening of his term of confinement") (citation omitted). However, claims that "would not necessarily lead to [a prisoner's] immediate or earlier release from confinement" do not fall within "the core of habeas corpus" and must be brought under § 1983. Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (en banc) (citation omitted).

The Petition challenges the conditions of Petitioner's confinement, not the fact or duration of that confinement. (See Petition at 2-4). Petitioner contends that health care and medical conditions at High Desert Detention Center ("HDDC") in Adelanto, California, where he is incarcerated, are "very substandard." (Id.

at 3). He asserts that the doctors and nurses at HDDC "refuse to treat" his "accute [sic] medical condition." (Id.). As "grounds" for federal habeas relief, Petitioner asserts claims under the Eighth and Fourteenth Amendments for deliberate indifference to his serious medical needs, along with violation of the Americans with Disabilities Act. (Id. at 4). Such claims do not fall within the "core of habeas corpus" and may be raised only in a § 1983 action.

The Court has considered whether to ignore the erroneous labeling of the Petition and construe this pleading as a civil rights complaint. "[A] district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." Nettles, 830 F.3d at 936; see also id. ("If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.") (citation omitted).

In this case, however, any such conversion would result in a duplicative complaint. On December 27, 2018, Petitioner filed a Civil Rights Complaint pursuant 42 U.S.C. § 1983 based on the same incidents at issue in the instant Petition and raising substantially the same claims under the Eighth and Fourteenth Amendments and the Americans with Disabilities Act. See Thomas

Wade Robinson v. County of San Bernardino, et al., No. EDCV 18-2673 DMG (SS) (C.D. Cal. filed Dec. 27, 2018). Accordingly, the Court declines to convert the current Petition into a § 1983 action, as Petitioner already has a pending § 1983 complaint based on the same allegations.

Consistent with the foregoing, IT IS ORDERED that judgment be entered dismissing this action without prejudice. IT IS FURTHER ORDERED that the Clerk of Court serve a copy of this Order and the Judgment on Petitioner at his current address of record.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 5, 2019

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____/S/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE